UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBRY ALLYN LA NEAR, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:06-CV-1198 CAS |
| FRANCES R. SLAY, et al., | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on pro se plaintiff Debry Allyn La Near's "Motion to Request Case Be Remanded to State Court or, in the Alternative, Be Heard Before a Magistrate Judge." Plaintiff also filed a Consent to Jurisdiction by a United States Magistrate Judge. No response has been filed to the motion by any defendant. For the following reasons, plaintiff's motion will be denied in all respects.

**Motion to Remand**.

Plaintiff moves to remand this case to state court on the basis that the Court has denied plaintiff her constitutional right of due process of law, failed to appoint an attorney for her, and has not heard this case in a "fair and proper legal manner." Mot. to Remand at 1. This case was removed to this Court on August 11, 2006, pursuant to 28 U.S.C. §§ 1441(a), 1446, and 1331, on the basis that plaintiff asserted federal claims pursuant to 42 U.S.C. § 1983 in her petition filed in state court. See Notice of Removal [Doc. 1].

Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993); McHugh v. Physicians Health Plan, 953 F. Supp. 296,

299 (E.D. Mo. 1997). The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969).

The propriety of removal of a case to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). "A defendant may remove a state court claim to federal court only if the claim originally could have been filed in federal court, and the well-pleaded complaint rule provides that a federal question must be presented on the face of the properly pleaded complaint to invoke federal court jurisdiction." Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir. 2000) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)), cert. denied, 532 U.S. 921 (2001). A federal question is raised in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Peters v. Union Pacific Railroad Co., 80 F.3d 257, 260 (8th Cir. 1996) (quoting Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 27-28 (1983)).

In this case, plaintiff's petition asserts a claim under 42 U.S.C. § 1983. This is a claim under federal law that originally could have been filed in federal court. The defendants therefore could remove the case under 28 U.S.C. § 1441(a), and did so in a timely manner. See 28 U.S.C. § 1446(b). Plaintiff has not shown any basis for the remand of this case to state court. Plaintiff's motion to remand should therefore be denied.

**Alternative Motion for Case to be Heard by Magistrate Judge**

Plaintiff moves in the alternative that this case be heard by a United States Magistrate Judge. Because this case was initially randomly assigned to the undersigned, a district judge, the Court will not transfer the case to a magistrate judge. See Local Rule 2.08(A) (generally, cases are randomly

assigned to a district judge or a magistrate judge). Only when a case is randomly assigned to a magistrate judge must the parties file a Consent to Magistrate Judge, and such consent must be unanimous or the case must be reassigned to a district judge. <u>See</u> Local Rule 2.08(A). Plaintiff's alternative motion for the case to be heard by a magistrate judge should therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion to Request Case Be Remanded to State Court or, in the Alternative, Be Heard Before a Magistrate Judge" is **DENIED** in all respects. [Doc. 15]

                                                                  */s/ Charles A. Shaw*
                                              **CHARLES A. SHAW**
                                              **UNITED STATES DISTRICT JUDGE**

Dated this  30th   day of April, 2007.