UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBRY ALLYN LA NEAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06-CV-1198 CAS |
| ) | |
| FRANCIS R. SLAY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to dismiss plaintiff's first amended complaint for failure to state a claim upon which relief can be granted. Plaintiff opposes the motion. For the following reasons the Court will grant defendants' motion in part and deny the motion in part.

**I.    Background**

Plaintiff filed this action in the Circuit Court of the City of St. Louis on July 5, 2006. Her suit alleges police misconduct in violation of her constitutional rights following her arrest on August 23, 1998. The state court petition specifically alleged an action under 42 U.S.C. § 1983. Based on this Court's original jurisdiction, defendants removed the action to this Court on August 11, 2006.

This was not the first time plaintiff had filed an action in state court arising out of the her arrest on August 23, 1998. On August 22, 2003, plaintiff filed a lawsuit in the Circuit Court of the City of St. Louis concerning the same alleged police misconduct. See Ex. A to Defs. Mot., Certified Copy of State Court Record, 1-50 ("La Near I"). La Near I was filed against the Board of Police Commissioners for the Metropolitan Police Department for the City of St. Louis ("Board of Police Commissioners"); board members Susan Rollins, Bart Saracino, and Michael Quinn; and police

officers Amy Sprout and John Stempf. Plaintiff pleaded two counts, titled "Civil Rights Complaint" (Count I) and the "Personal Injury Complaint" (Count II).

On April 6, 2004, Judge John J. Riley dismissed La Near I as to the Board of Police Commissioners and board members Susan Rollins, Bart Saracino, and Michael Quinn. See La Near I at 23-26. Based on the doctrine of sovereign immunity, the court found the individual board members could not be sued in their official capacities. Plaintiff had not alleged any personal involvement against the board members, and therefore the Court found they also could not be sued in their individual capacities. Additionally, the Court dismissed plaintiff's case against the Board of Police Commissioners, finding that an action against the Board of Police Commissioners in that name alone did not lie. See id.

On July 8, 2004, Judge Riley dismissed the action against police officer Amy Sprout based on the statute of limitations. See La Near I at 19-21. The court found the statute of limitations set forth in section Missouri Revised Statute § 516.130 applied to plaintiff's first amended petition, requiring actions against an officer in his official capacity be brought within three years. The alleged officer misconduct occurred on August 23, 1998, and plaintiff's amended petition was not filed until August 25, 2003. Therefore, the state court found the action against officer Sprout was time barred. See id.

The only remaining defendant in La Near I was police officer John Stempf. Defendant Stempf was never served. On July 5, 2005, the court dismissed without prejudice the action as to defendant Stempf for failure to prosecute and failure to obtain service. See La Near I at 10.

The instant action arises out of the same alleged police misconduct as La Near I. Plaintiff's first amended complaint alleges violations of 42 U.S.C. § 1983 (Count I); personal injury (Count II); and automobile conversion (Count III). In their motion to dismiss, defendants argue that this action

should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because plaintiff's claims are barred by the doctrine of res judicata and are time barred under the applicable statute of limitations.

**II.     Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court recently held in Bell Atlantic Corp. v. Twombly, --- U.S. --,127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319, 327 (1989).

"At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations." Hanten v. School Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999) (quoting Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998)). A motion to dismiss should not be granted merely because a complaint does not state with precision every element of the claim necessary for recovery. Roberts v. Walmart Stores, Inc., 736 F. Supp. 1527, 1528 (E.D. Mo. 1990). "A complaint is sufficient if it contains allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." Id. (internal quotations and citation omitted).

3

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court is "not precluded in review of the complaint from taking notice of items in the public record." Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007). In Missouri, state court records are considered public records. See id. The Court need only rely upon the state court's records, submitted as an exhibit to defendants' motion to dismiss, to decide whether plaintiff's case is barred by the doctrine of res judicata or the statute of limitations. It is not necessary to convert defendants' motion to dismiss into one for summary judgment. See id.

### III. Discussion

#### A. Res Judicata

Defendants argue that the issues in this case have already been decided by the state court in La Near I, and therefore the Court should dismiss this action under the doctrine of claim preclusion, also known as res judicata. See generally 5 MOORE'S FEDERAL PRACTICE § 131.10[1][a] (Matthew Bender 3d ed. 2006). The preclusive effect of the state court judgment is governed by the law of Missouri, the state in which the judgment was rendered. See Misischia v. St. John's Mercy Health Sys., 457 F.3d 800, 804 (8th Cir. 2006). Under Missouri law, "a prior judgment bars a subsequent claim arising out of the same group of facts 'even though additional or different evidence or legal theories might be advanced to support the subsequent claim.'" Id. (quoting Chesterfield Village v. City of Chesterfield, 64 S.W.3d 315, 320 (Mo. 2002)). Missouri law tracks the Eighth Circuit in defining the prerequisites for res judicata. See Bannum, Inc. v. City of St. Louis, 195 S.W.3d 541, 544 (Mo. App. E.D. 2006). Res judicata applies where (1) the prior judgment was rendered by a court of competent jurisdiction, (2) the decision was a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases. See id. (citing

Chesterfield Village, 64 S.W.3d at 315 and Biermann v. United States, 67 F. Supp. 2d 1057 (E.D. Mo. 1999)).

### (1) Prior Judgment Rendered by Court of Competent Jurisdiction

Neither party asserts that the Circuit Court of the City of St. Louis was without jurisdiction to decide La Near I. Based on the record of the proceedings in the state court, the Court finds the prior orders dismissing the Board of Police Commissioners, the individual board members, and police officer Amy Sprout were rendered by a court of competent jurisdiction. See La Near I at 19-21, 23-26.

### (2) Final Judgment on the Merits

Under Missouri law, the doctrine of res judicata applies only to a final decision on the merits. The Missouri Supreme Court has found "[t]he granting of a motion to dismiss for failure to state a claim is a final judgment on the merits sufficient to raise the defense of res judicata in a later proceeding." U.S. Fid. & Guar. Co. v. Commercial Union Ins. Co., 943 S.W.2d 640, 642 (Mo. 1997). If an order dismisses a claim without prejudice, however, the order does not bar further proceedings. See Pic-Walsh Freight Co. v. Cooper, 618 S.W.2d 449, 454 (Mo. App. E.D. 1981).

In ruling on the motions to dismiss of defendants Board of Police Commissioners, the individual board members, and Amy Sprout, the state court looked to the merits of the action and determined plaintiff had no cause of action against these defendants. See La Near I at 19-21, 23-26. These rulings were rendered upon consideration of plaintiff's legal claims such that they are considered judgments on the merits for the purpose of res judicata. See U.S. Fid. & Guar. Co., 943 S.W.2d at 642; 5 MOORE'S FEDERAL PRACTICE § 131.30[3][a] (Matthew Bender 3d ed. 2006).

The dismissal of defendant John Stempf, however, was not a final judgment on the merits. Defendant Stempf was never served in La Near I, and the action was dismissed without prejudice for

failure to prosecute and failure to serve. See La Near I at 10. Because there was no decision on the merits as to defendant Stempf, res judicata does not bar plaintiff's claims against him.

*(3) Same Cause of Action Against the Same Parties or Their Privies*

For all defendants except defendant Stempf, the remaining issue under the doctrine of res judicata turns on whether the instant suit involves the same cause of actions and the same parties or their privies as La Near I. Under the doctrine of res judicata, a judgment on the merits in a prior suit "precludes parties from contesting matters that the parties have had a full and fair opportunity to litigate." U.S. Fid. & Guar. Co., 943 S.W.2d at 641-42 (quoting State ex rel. Trotter v. Cirtin, 941 S.W.2d 498, 499 (Mo. 1997)). The doctrine applies "not only to points and issues upon which the court was required by the pleadings and proof to form an opinion and pronounce judgment, but to every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at that time." Id.

Although plaintiff has proffered new legal theories technically different from those in La Near I, "[t]he same cause of action framed in terms of a new legal theory is still the same cause of action." Young v. City of St. Charles, 2002 WL 925572, *1 (8th Cir. 2002) (quoting Canady v. Allstate Ins. Co., 282 F.3d 1005, 1014 (8th Cir. 2002)). Whether plaintiff frames her theories in terms of a general civil rights violation as in La Near I or an action under §1983, she seeks to remedy the same wrong arising from the same nucleus of operative fact. Both cases seek damages for civil rights violations and personal injury. Both arise out of her arrest on August 23, 1998. In the instant action, plaintiff has added a claim for property conversion, but again this claim arises from the same nucleus of operative fact. Plaintiff sought the return of this property in La Near I, and the conversion claim could have been litigated in that proceedings. Accordingly, her causes of action are the same here as they were in La Near I.

In order to find plaintiff's claims barred by the doctrine of res judicata, however, the instant suit would also have to involve the same parties or their privies. In their motion to dismiss, defendants incorrectly state that the parties in the litigation have not changed since the final state court ruling on this case. See Defs. Mem. at 5. In the instant suit, plaintiff has named as defendants Mayor Francis R. Slay; the Board of Police Commissioners; board members Christopher Goodson, JoAnn Freeman-Morrow, Michael Quinn, and Julius Hunter; and police officers Amy Sprout and John Stempf. Of these defendants, the following were not parties to La Near I: Mayor Francis R. Slay, Christopher Goodson, JoAnn Freeman-Morrow, and Julius Hunter.

Although board members Christopher Goodson, JoAnn Freeman-Morrow, and Julius Hunter were not named as parties in La Near I, their predecessors on the board were. In their official capacities, the new board members have the same legal interests as the former board members. See Young, 2002 WL 925572 at *1; Sumlin v. Krehbiel, 876 F. Supp. 1080, 1081 (E.D. Mo. 1994). While the board members have changed, the current board is in privity with the former board such that plaintiff's action against the new board members is barred by res judicata. Neither defendant Mayor Slay nor his predecessor were named as parties in La Near I, however, and the Court cannot grant defendants' motion to dismiss based on the doctrine of res judicata as it relates to defendant Mayor Slay.

Based on the foregoing, the doctrine of res judicata bars the relitigation of this matter against the Board of Police Commissioners, Christopher Goodson, JoAnn Freeman-Morrow, Michael Quinn, Julius Hunter, and Amy Sprout. Because there was no judgment on the merits as to defendant John Stempf in La Near I, the doctrine of res judicata does not bar plaintiff's claims against him. Additionally, res judicata does not bar plaintiffs' claims against defendant Mayor Slay, because he was not a party or in privity with any party to La Near I.

7

**B.   Statute of Limitations**

Defendants argue plaintiffs' claims against Mayor Slay and police officer Stempf should be dismissed in any event because they are barred by the statute of limitations. The Supreme Court has held that claims brought under 42 U.S.C. § 1983 are governed by the statute of limitations of the state's personal injury statute. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Defendants concede that, in Missouri, § 1983 claims are governed by a five-year statute of limitations. See Def. Mem. at 6.

Plaintiff's claim against Mayor Slay is barred by the five-year statute of limitations. Plaintiff first named defendant Slay in her state court petition filed July 5, 2006. The causes of action arise out of a traffic stop on August 23, 1998. The statute of limitations on this claim expired on August 23, 2003. Accordingly, the Court will dismiss plaintiff's action as it relates to defendant Mayor Slay.

The statute of limitations analysis differs as it relates to defendant Stempf. Defendant Stempf was a party to La Near I, although he was never served with the petition. Plaintiff originally filed her action pro se in state court on Friday, August 22, 2003, naming as a defendant only the Metropolitan Police Department of the City of St. Louis. On Monday, August 25, 2003, plaintiff filed an amended petition naming as defendants the Board of Police Commissioners, the individual board members, and the individual police officers, including officer Stempf. In their motion to dismiss, defendants argue that plaintiff's action is barred by the five-year statute of limitations because she did not name the proper defendants until two days after the statue of limitations had run. Under the rules of civil procedure in Missouri and federal courts, however, it is likely that the amendment naming the proper parties would relate back to the date of the original pleading. See Mo. R. Civ. P. 55.33(c); Fed. R. Civ. P. 15(c)(3). This is especially true given the fact that it is unlikely defendants would be able to show any prejudice based on the two-day delay. See id.

Defendants have not briefed for the Court the application of the rule regarding relation back of amended pleadings. The defendant bears the burden of demonstrating that the plaintiff can prove no set of facts entitling her to relief. See Omaha Cold Storage Terminals Inc. v. Preston Refrigeration Co., 2007 WL 1723474 (8th Cir. June 12, 2007) (finding defendant did not meet its burden on motion to dismiss pursuant to the doctrine of res judicata). Moreover, plaintiff is appearing pro se. Pro se pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney. Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994). Based on the likelihood that plaintiff's amended pleading filed August 25, 2003 would relate back to her pleading filed August 22, 2003, the Court finds that defendants have failed to meet their burden of demonstrating plaintiff's action against defendant police officer John Stempf is barred by the statute of limitations.[*]

## IV. Conclusion

For the foregoing reasons, defendants' motion to dismiss is granted in part and denied in part. Plaintiff's action against defendants Board of Police Commissioners, Christopher Goodson, JoAnn Freeman-Morrow, Michael J. Quinn, Julius Hunter, and Amy Sprout (Fiala) is dismissed based on the doctrine of res judicata. Plaintiff's action against Mayor Francis R. Slay is dismissed as barred by the statute of limitations. Defendants' motion to dismiss is denied as to defendant John Stempf.

---

[*]The fact that plaintiff's claims against defendant Stempf were dismissed without prejudice and refiled does not change this analysis. Plaintiff refiled this action in state court, renaming Stempf as a defendant, on July 5, 2006. This refiling fell within the one-year period for a nonsuit. See § 516.230 Mo. Rev. Stat. (2000).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss the Amended Complaint is **GRANTED in part** and **DENIED in part**. [Doc. 38]

An order of partial dismissal will accompany this memorandum and order.

*/s/ Charles A. Shaw*
_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 25th day of January, 2008.