# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEBRY ALLYN LA NEAR, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:06-CV-1198 CAS |
| FRANCIS R. SLAY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant John Stempf's motion for summary judgment. Defendant argues that summary judgment should be granted in his favor because plaintiff's claims are barred by the doctrine of collateral estoppel. Plaintiff opposes the motion. For the following reasons the Court will grant defendant's motion.

**I.  Background**

Plaintiff filed this action in the Circuit Court of the City of St. Louis on July 5, 2006. Her suit alleges police misconduct in violation of her constitutional rights following her arrest on August 23, 1998. The state court petition specifically alleged an action under 42 U.S.C. § 1983. Based on this Court's original jurisdiction, defendants removed the action to this Court on August 11, 2006.

This was not the first time plaintiff had filed an action in state court arising out of the her arrest on August 23, 1998. On August 22, 2003, plaintiff filed a lawsuit in the Circuit Court of the City of St. Louis concerning the same alleged police misconduct. See Ex. A to Defs. Mot., Certified Copy of State Court Record, 1-50 ("La Near I"). La Near I was pleaded in two counts, titled "Civil Rights Complaint" (Count I) and the "Personal Injury Complaint" (Count II).

On July 8, 2004, Judge John J. Riley dismissed the action against police officer Amy Sprout based on the statute of limitations. See La Near I at 19-21. The court held that the claims asserted in plaintiff's amended petition were barred by the statute of limitations set forth in Missouri Revised Statute § 516.130. Section 516.130 requires actions against an officer in his official capacity be brought within three years. The alleged officer misconduct occurred on August 23, 1998, and plaintiff's amended petition was not filed until August 25, 2003. Therefore, the state court found the action against officer Sprout was time barred. See id.

After La Near I was dismissed as to officer Sprout, the only remaining defendant was police officer John Stempf. (The state court had previously dismissed La Near I as to the Board of Police Commissioners and board members Susan Rollins, Bart Saracino, and Michael Quinn. See La Near I at 23-26.) Defendant Stempf was never served. On July 5, 2005, the court dismissed without prejudice the action as to defendant Stempf for failure to prosecute and failure to obtain service. See La Near I at 10.

On July 5, 2006, plaintiff filed the instant action in state court against all the defendants (or their privies) previously named in La Near I. This refiling fell within the one-year period for a nonsuit. See § 516.230 Mo. Rev. Stat. (2000). In the instant action, plaintiff alleges violations of 42 U.S.C. § 1983 (Count I); personal injury (Count II); and automobile conversion (Count III). The instant action was originally filed against Francis R. Slay, the Board of Police Commissioners of the City of St. Louis, Christopher Goodson, JoAnn Freeman-Morrow, Michael Quinn, Julius Hunter, and police officers Amy (Sprout) Fiala and John Stempf. On September 27, 2007, defendants filed a motion to dismiss plaintiff's claims based on the doctrine of res judicata. In a Memorandum and Order dated January 25, 2008, the Court granted defendants' motion to dismiss as to all defendants except police officer John Stempf. See Doc. 56. Because res judicata requires a prior judgment on

2

the merits, and because there was no judgment on the merits as to defendant John Stempf in La Near I, the doctrine of res judicata did not bar plaintiff's claims against him. See id. at 4-7.

In his summary judgment motion, defendant Stempf argues that summary judgment should be granted because plaintiff's claims against him are barred by the doctrine of collateral estoppel. Defendant argues that the state court previously decided the issue of the statute of limitations in favor of defendant police officer Amy Sprout, finding the three-year statute of limitations barred plaintiff's claims. Defendant Stempf seeks to foreclose plaintiff from relitigating against him this issue that she previously lost in the underlying state court action.[1]

## II. Legal Standard

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), this Court must grant summary judgment if, based upon the pleadings, admissions, depositions and affidavits, there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Board of Education, Island Trees v. Pico, 457 U.S. 853, 863 (1982). "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." Cearley v. General Am. Transp. Corp., 186 F.3d 887, 889 (8th Cir. 1999) (citing Crain v. Board of Police Commissioners, 920 F.2d 1402, 1405-06 (8th Cir. 1990)). Defendant's motion for summary judgment on the grounds of collateral estoppel presents only legal issues for

---

[1]In their motion to dismiss, in addition to arguing res judicata, defendants argued that this case was barred by the statute of limitations. The Court rejected this argument because defendants failed to meet their burden of proof. See Doc. 56 at 9. In ruling on defendant Stempf's motion for summary judgment, the Court need not decide the merits of defendant's statute of limitations argument. Nor does the Court express any opinion on whether the state court's ruling on the statute of limitations is legally correct. The Court need only decide whether to give preclusive effect to that prior judgment under the doctrine of collateral estoppel.

determination. The Court need only rely upon the certified state court record, submitted as an exhibit to defendant's motion, to decide whether plaintiff's claims against defendant Stempf are barred by the doctrine of collateral estoppel.

## III. Discussion

### A. Collateral Estoppel

Defendant seeks summary judgment against plaintiff on the ground that her claims are barred by collateral estoppel because the state court previously found that Missouri Revised Statute § 516.130 applied to La Near I. Section 516.130 applies a three-year statute of limitations in actions brought against an officer upon a liability incurred in his official capacity. The state court applied the three-year statute of limitations to plaintiff's claims against defendant Stempf's fellow officer Amy Sprout in La Near I, and granted officer Sprout's motion to dismiss. Defendant argues that the preclusive effect of this state court judgment bars relitigation of this issue against police officer defendant John Stempf. (Pl. Mem. at 7).

Unlike the doctrine of res judicata, collateral estoppel (or issue preclusion) does not always require that the parties be the same.[2] Instead, collateral estoppel requires an identity of issues raised in the successive pleadings and the determination of these issues by a valid final judgment. See 5 MOORE'S FEDERAL PRACTICE § 132.04[1][b] (Matthew Bender 3d ed. 2006). "Issue preclusion can

---

[2]The Missouri Supreme Court has distinguished these two principles as follows:

> Traditionally, res judicata (claim preclusion) precludes the same parties from relitigating the same cause of action wheras collateral estoppel (issue preclusion) precluded the same parties from relitigating issues which had been previously adjudicated. Res judicata does not apply here because these are not the same parties or the same cause of action as in the [prior proceeding].

Oates v. Safeco Ins. Co., 583 S.W.2d 713, 719 (Mo. 1979).

4

be invoked by new litigants, that is by strangers to the prior action. It can be used as a shield by a new defendant against a plaintiff who was a party to the former litigation." Id. Nonmutual defensive issue preclusion (or collateral estoppel) arises when a defendant seeks to foreclose the plaintiff from litigating an issue that the plaintiff previously litigated and lost against another defendant. MOORE'S at § 132.04[2][c].

Federal courts considering the preclusive effects of a state court judgment must apply the claim preclusion law of the state where the judgment was rendered. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 84 (1984); Medvick v. City of Univ. City, 995 F.2d 857, 858 (8th Cir. 1993); see generally MOORE'S at 131.24[4]. The concept of nonmutual defensive issue preclusion has been recognized and adhered to in Missouri courts. See Oates v. Safeco Ins. Co., 583 S.W.2d 713, 719 (Mo. 1979); James v. Paul, 49 S.W.3d 678, 682-87 (Mo. 2001). The principle of nonmutual issue preclusion, as adopted in Missouri, permits the use of a prior judgment to preclude relitigation of an issue even though the party asserting collateral estoppel was not a party to the prior judgment. See James, 49 S.W.3d at 684.

Missouri courts apply the following test to determine whether the application of collateral estoppel is appropriate: (1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. See id. at 682. The doctrine will not be applied where it would create inequities. Missouri courts analyze each case on its own facts. See id.

*(1) Whether the issue already decided is identical to the current issue.*

In La Near I, defendant's fellow police officer (and fellow defendant) Amy Sprout argued that plaintiff failed to file her lawsuit within the applicable three-year statute of limitations provided by § 516.130. This is the identical issue and argument raised by defendant Stempf in this action.

*(2) Whether the prior adjudication resulted in a judgment on the merits*

The prior adjudication resulted in an order of dismissing plaintiff's case against police officer Amy Sprout on the merits. See State Court Record at 19-21. The Missouri Supreme Court has found "[t]he granting of a motion to dismiss for failure to state a claim is a final judgment on the merits sufficient to raise the defense of res judicata in a later proceeding." U.S. Fid. & Guar. Co. v. Commercial Union Ins. Co., 943 S.W.2d 640, 642 (Mo. 1997).

*(3) Whether plaintiff was a party to the prior adjudication.*

Plaintiff is the party against whom collateral estoppel has been asserted in this case, and plaintiff was a party to La Near I.

*(4) Whether plaintiff had a full and fair opportunity to litigate the issue*

The fourth factor in deciding the preclusive effect of a prior adjudication under collateral estoppel principles is whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. Unlike the instant case, in La Near I, plaintiff was represented by counsel, Mr. John J. Allan of the Law Offices of John J. Allan, P.C. Plaintiff's counsel fully briefed this issue for the state court. See State Court Record at 27-29. On June 16, 2004, the Circuit Court of the City of St. Louis, Judge John J. Riley, held a hearing on defendant Amy Sprout's motion to dismiss and took the matter under advisement. See id. at 22. Counsel for plaintiff was present at the hearing, and restated the arguments contained in plaintiff's memorandum in opposition to the motion to dismiss. Id. On July 8, 2004, Judge Riley issued a detailed written memorandum

and order granting defendant Amy Sprout's motion to dismiss. Id. at 19-21. Plaintiff never filed an appeal in La Near I. Based on the state court record, the Court finds that plaintiff had a full and fair opportunity to litigate the issue in the prior suit.

        *(5)        Fairness and Equities*

Although not an enumerated factor in the test whether to give preclusive effect to a prior adjudication under collateral estoppel principles, Missouri courts consistently look to whether the application of collateral estoppel would be fair and equitable. "Fairness is the overriding consideration in determining whether or not to apply the doctrine of [nonmutual collateral estoppel]." Oates, 583 S.W.2d at 719; see also James, 49 S.W.3d at 683 ("The doctrine of collateral estoppel will not be applied where to do so would be inequitable."). In looking to the fairness of the application of the doctrine, the courts generally are concerned with who is invoking the doctrine and whether it is an offensive use or a defensive use of collateral estoppel. "Generally speaking, courts have been less inclined to allow offensive use of the doctrine rather than defensive when mutuality of parties is lacking." James 49 S.W.3d at 685. Missouri courts do not look to the substance of the underlying decision to determine whether the application of collateral estoppel would be fair. In fact, Missouri courts have stated "[w]hether or not the prior judgment is legally correct is not at issue in applying the doctrine of res judicata or collateral estoppel." Reynolds v. Tinsley, 612 S.W.2d 828, 830 (Mo. App. E.D. 1981).

In the instant case, considerations of fairness and equity weigh in favor of the Court applying the doctrine of collateral estoppel to bar plaintiff from relitigating this case against defendant John Stempf. Defendant Stempf was one of six defendants named in La Near I, but defendant Stempf was never served a summons in that case. The state court dismissed this case on the merits as to the remaining five defendants, but because defendant Stempf was never served, the case was dismissed

against him without prejudice for failure to prosecute and failure to obtain service. See State Court Record at 10. Presumably, had he been served, he would have joined in defendant Sprout's motion to dismiss, and the state court would have dismissed the action against him on the merits. Because there was no final judgment on the merits as to defendant Stempf, however, the instant action was not barred by res judicata. As such, plaintiff's instant action against defendant Stempf survived his motion to dismiss.

The instant case does not fit neatly in the category of nonmutual issue preclusion. Generally nonmutual issue preclusion arises when a defendant who is a stranger to the prior litigation seeks to foreclose the plaintiff from litigating an issue she previously litigated and lost against another defendant. Defendant Stempf was no stranger to La Near I; he was a defendant in that case, but was never served. Considerations of fairness and equity dictate that the Court disallow plaintiff to benefit from her fortuitous failure to effect service in the state court action. Plaintiff should not be able to bring a case against defendant Stempf in federal court that was dismissed against his fellow officer in state court only because he was not served in that action.

The Court has considered the four factors required to give preclusive effect to a prior adjudication under collateral estoppel principles and the equities of applying the doctrine. The Court concludes that the state court's determination that the three-year statute of limitations applied to bar plaintiff's claims against defendant police officer Amy Sprout shall be given preclusive effect, and therefore plaintiff cannot bring these same claims against defendant police officer John Stempf in the instant action. Accordingly, the Court will grant defendant Stempf's motion for summary judgment on this ground.

### B. Automobile Conversion (Count III)

On August 29, 2007, plaintiff sought leave to file an amended complaint, which for the first time alleged a cause of action against defendants for automobile conversion (Count III). The Court granted the motion, and the amended compliant was filed September 13, 2007. Plaintiff's cause of action for automobile conversion arises out of the traffic stop on August 23, 1998. The statute of limitations on this claim expired on August 23, 2003. Accordingly, the Court will grant summary judgment in favor of defendant Stempf on plaintiff's claim of automobile conversion. See § 516.120 R.S.Mo. (five-year statute of limitations applies to tort actions).

Accordingly,

**IT IS HEREBY ORDERED** that defendant John Stempf's motion for summary judgment is **GRANTED**. [Doc. 62]

An appropriate judgment will accompany this memorandum and order.

            **CHARLES A. SHAW**
            **UNITED STATES DISTRICT JUDGE**

Dated this ___25th___ day of June, 2008.